CRICHTON, J.,
concurs in part and dissents in part.
|!While I agree that respondent’s conduct warrants discipline, I believe the three-year suspension imposed by the majority is unduly lenient. The facts of this case are egregious, and as such, disbarment is the only appropriate sanction.
The record reveals that among other misconduct, respondent has committed numerous trust account violations and has mishandled client funds. Specifically, respondent failed to place into a client trust account the advance fees and costs which she received in connection with the representation of her clients. Instead, respondent claims that it was her standard practice to cash the checks given to her by her clients, following which she would place the cash in bank envelopes and lock the envelopes in the glove compartment of her car. Maintaining the funds in this manner leads to a presumption of conversion, and the burden shifted to respondent to prove that she did not convert her clients’ funds. Louisiana State Bar Ass’n v. Krasnoff, 515 So.2d 780 (La.1987). She clearly failed to meet her burden in this regard. I must also conclude that respondent’s peculiar accounting system caused actual harm to her clients, particularly in the instance in which she claims to have lost her client’s cash “by accident.”
Furthermore, respondent has failed to maintain financial records as required by the Rules of Professional Conduct. When called upon to do so, respondent could not show that some $31,000 in client funds was properly disbursed because she has no records, files, or disbursement sheets. Likewise, there is a balance of approximately $9,000 in respondent’s client trust account, but due to her lack of recordkeeping the ownership of these funds has yet to be ascertained. Respondent | ¡.admitted that she mismanaged and misused her client trust account and engaged in an unknown amount of commingling and conversion. The ODC made an attempt to obtain respondent’s bank records, but ultimately, the extent of the conversion is not truly known because of respondent’s gross mismanagement of the client funds entrusted to her.
In the landmark case of Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986), we explained that when a lawyer converts client funds, disbarment is generally appropriate when one or more of the following elements are present: the lawyer acts in bad faith and intends a result inconsistent with his client’s interest; the lawyer commits forgery or other fraudulent acts in connection with the violation; the magnitude or the duration of the deprivation is extensive; the magnitude of the damage or risk of damage, expense and inconvenience caused the client is great; and the lawyer either fails to make full restitution or does so tardily after extended pressure of disciplinary or legal proceedings. Id. at 122. In my opinion, respondent has caused enormous risk of harm to her clients by her stunning lack of mismanagement of her client trust account. Moreover, she has not made full restitution and will likely be unable to do *905 so without the financial records she should have maintained throughout her legal career. Accordingly, disbarment is clearly appropriate.
Given the pattern of misconduct in this case, and the resulting harm to clients, I would disbar respondent. Accordingly, I respectfully dissent.